# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| TANYA MARIE SMITH | CIVIL ACTION NO. 3:14-cv-0482 |
|     LA. DOC #549467 | |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| WARDEN JIM ROGERS | MAGISTRATE JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Tanya Marie Smith, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas cor pus* pursuant to 28 U.S.C. §2254 on February 26, 2014. Petitioner attacks her 2009 convictions for second degree murder and various firearms and drug related charges and the consecutive life sentences imposed by the Twenty-Sixth Judicial District Court, Bossier Parish. This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Statement of Facts*

Petitioner was charged with two counts of murder and various weapons and drug charges in the Fourth Judicial District Court, Morehouse Parish. A change of venue was granted and the case was transferred to the Twenty-Sixth Judicial District Court, Bossier Parish. On February 19, 2009, petitioner was found guilty as charged. On April 3, 2009, she was sentenced to serve consecutive life sentences on the murder convictions and concurrent sentences ranging from 5 to 20 years on the remaining charges. [Doc. 1-1, pp. 8-29]

She appealed her convictions and sentences to the Second Circuit Court of Appeals arguing four assignments of error – (1) insufficiency of the evidence; (2) erroneous admission of other crimes evidence; (3) erroneous denial of a motion for severance; and (4) excessiveness of sentences. [Doc. 1-2, Exhibit H (Brief on Appeal)] On March 31, 2010, the Second Circuit affirmed her convictions and sentences. *State of Louisiana v. Tonya* (sic) *Smith a/k/a "Little Feather"*, 44,998 (La. App. 2 Cir. 3/31/2010), 34 So.3d 386. [See Slip Opinion, Doc. 1-2, Exhibit F]

On April 26, 2010, petitioner filed an application for writs in the Louisiana Supreme Court. [Doc. 1-1, p. 29] On December 10, 2010, her application for writs was denied. *State of Louisiana v. Tanya Smith a/k/a "Little Feather",* 2010-0980 (La. 12/10/2010). [See Doc. 1-2, Exhibit E]. She did not seek writs in the United States Supreme Court. [Doc. 1, ¶9(h)]

On December 10, 2011, petitioner filed an Application for Post-Conviction Relief in the Twenty-Sixth Judicial District Court raising eight claims for relief – (1) denial of requests for free transcripts; (2) failure of the United States to disclose all plea agreements with petitioner's co-defendants; (3) ineffective assistance of counsel; (4) double jeopardy; (5) excessive and illegal sentences; (6) insufficiency of the evidence; (7) erroneous admission of other crimes evidence; and, (8) denial of the motion to sever. On February 23, 2012, the District Court denied relief and provided reasons for judgment. [Doc. 1-2, Exhibit D]

On March 5, 2012, petitioner filed a notice of her intent to file writs and was given a return date of April 13, 2012. [Doc. 1-2, Exhibit C] On April 12, 2012, petitioner filed her application for writ of review in the Second Circuit Court of Appeal. On April 13, 2012, the Court of Appeals returned her writ application unfiled based upon her failure to comply with

Uniform Rules, Courts of Appeal Rule 4-5 which specifies the form and content of writ applications submitted to Louisiana's Courts of Appeal. [Doc. 1-1, pp. 29-30] For reasons not explained, petitioner then waited until April 24, 2013, to file a second application for writs seeking review of the trial court's dismissal of her application for post-conviction relief. Petitioner apparently complied with the Uniform Rules and her application was accepted as filed. [Doc. 1-1, p. 30][1] On May 31, 2013, the Second Circuit denied writs finding "... no palpable error in the trial court's rulings." *State of Louisiana v. Tanya Marie Smith*, 48,473-KH. [Doc. 1-2, Exhibit B]

On June 24, 2013, petitioner filed a writ application in the Louisiana Supreme Court. On January 17, 2014, the Supreme Court denied writs. *State of Louisiana ex rel. Tanya Marie Smith vs. State of Louisiana*, 2013-1893 (La. 1/17/2014), 130 So.3d 941. [Doc. 1-2, Exhibit A]

Petitioner presented her *pro se habeas* petition and exhibits to prison authorities for mailing on February 26, 2014. [Doc. 1-1, p. 13]

### *Law and Analysis*

### *1. Limitations*

Title 28 U.S.C. § 2244(d)(1) (as amended by the Anti-terrorism and Effective Death

---

[1] Petitioner claims, "On April 12, 2012, Smith filed her writ of Review into the Second Circuit Court of Appeals in accordance with the time limitation set forth by the district courts. On April 13, 2012, the Second Circuit Court of Appeals returned Smith's writ indicating her failure to comply with local rule 4-5. However, due to the errors made by the inmate counsel substitute Smith's application is timely filed using the exception to LSA-C.Cr.P. Art. 930.4F, where it created it (sic) that results in her right to access to courts being violated.

On or about April 24, 2013, Smith filed into the Second Circuit Court of Appeals a Writ of Review, presenting to this Court certain mitigating factors that transpired. The Second Circuit Court of Appeals accepted the exceptions and filed into court Smith's Writ of Review..." [Doc. 1-1, pp. 29-30]

Penalty Act of 1996 or AEDPA) provides a one-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[2]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period [*see Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the limitations period is tolled only for as long as the state application remains properly filed and pending in the state's courts. *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

On March 31, 2010, petitioner's judgment of conviction and sentence were affirmed by the Second Circuit Court of Appeals. *State of Louisiana v. Tonya* (sic) *Smith, aka "Little Feather",* 44,998 (La. App. 2 Cir. 3/31/2010), 34 So.3d 386. Thereafter, on December 10, 2010, the Louisiana Supreme Court denied writs terminating direct review. *State of Louisiana v. Tanya*

---

[2] The pleadings and exhibits do not suggest that petitioner may rely upon the reckoning periods established by §2244(d)(1)(B), (C), or (D).

*Smith, aka "Little Feather"*, 2010- 0980 (La. 12/10/2010), 51 So.3d 722. She did not seek writs in the United States Supreme Court. [Doc. 1, ¶9(h)] Assuming  that her writ application to the Louisiana Supreme Court was properly filed and timely as she contends, petitioner's judgment of conviction "became final by the ... expiration of the time for seeking ...  [direct] review" [28 U.S.C. § 2244(d)(1)(A)], on or about March 10, 2011, when the ninety-day period for seeking further direct review in the United States Supreme Court expired. *See* Supreme Court Rule 13; *see also Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999) (The state court judgment is not final for *habeas* purposes until the 90 day period for filing a *writ of certiorari* to the United States Supreme Court has expired.) Since petitioner's judgment of conviction became final for AEDPA purposes on March 10, 2011,  petitioner had one year, or until March 10, 2012, to file her federal *habeas corpus* suit.

Petitioner was able to toll limitations when she filed her application for post-conviction relief in the District Court on December 10, 2011; however, by the time she filed her application a period of 275 days had elapsed un-tolled between March 10 - December 10, 2011. Petitioner's application remained properly filed and pending until on or about April 13, 2012, the date upon which the Second Circuit Court of Appeals rejected her writ application and returned it unfiled for failing to comply with Court rules.  Under Section 2244(d)(2), only "properly filed" State post-conviction or collateral attacks may toll limitations. To be considered "properly filed" for purposes of Section 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), citing *Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). A state application is "pending" both while it is before a state court for

5

review and also during the intervals between a state court's disposition of an application and the petitioner's timely filing of an application for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401 (5th Cir.2001). However, having been rejected for failing to comply with the Uniform Rules, petitioner's application was no longer "properly filed" and thus no longer able to toll limitations as of  April 13, 2012. *Compare*, *Clarke v. Rader*, 2010-cv-0308 (MDLa) at 2012 WL 589207 (Report and Recommendation of United States Magistrate Judge Christine Noland, 2012 WL 589213 (Ruling by United States District Judge James J. Brady), Judgment Affirmed by *Clarke v. Rader*, 721 F.3d 339 (5th Cir. 2013), *Certiorari* Denied by *Clarke v. Rader*, — U.S. —, 134 S.Ct. 698, 187 L.Ed.2d 563 (2103).

Thereafter, a period of more than 1-year elapsed un-tolled until April 24, 2013, when petitioner re-filed and perfected her writ application in the Second Circuit Court of Appeals. Since an un-tolled period in excess of one year elapsed between the date her judgment of conviction and sentence became final and the date she filed her federal *habeas corpus* petition, the action must be dismissed as time-barred under the provisions of Section 2244(d)(1).

### 2. Equitable Tolling

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently  rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336,  127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Petitioner implies that her misfiled writ application was the result of "errors made by the inmate counsel substitute..." However, even if true, that fact alone does not warrant the application of equitable tolling. Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case). Put another way, even lack of legal assistance in preparing post-conviction pleadings, ignorance of the law, lack of knowledge of filing deadlines, and temporary denial of access to or inadequacy of research materials or a prison law library are not sufficient to warrant equitable tolling. *Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir.2011) (per curiam) (citing *Felder v. Johnson*, 204 F.3d 168, 171–72 (5th Cir.2000) and *Scott v. Johnson*, 227 F.3d 260, at 263 & n. 3); see also *Gonzalez v. Wilkinson*, 269 F. App'x 481, 486 (5th Cir.2008) (the fact that petitioner did not have assistance of counsel for his post-conviction briefing does not warrant equitable tolling). Petitioner has not demonstrated that "extraordinary circumstance stood in his way and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474–75 (5th Cir.2010).

The circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from</u>

asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied).

### Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of

appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In chambers, Monroe, Louisiana, April 28, 2014.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**

9