UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **TANYA MARIE SMITH** <br> **LA. DOC #549467** | **CIVIL ACTION NO. 14-0482** |
| **VERSUS** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN JIM ROGERS** | **MAGISTRATE JUDGE KAREN L. HAYES** |

**RULING**

Pending before the Court is a Petition for Writ of *Habeas Corpus* filed by *pro se* Petitioner Tanya Marie Smith ("Smith"), a prisoner in the custody of Louisiana's Department of Corrections, pursuant to 28 U.S.C. §2254.  In the Petition filed on February 26, 2014, Smith attacks her 2009 convictions for second degree murder and various firearms and drug related charges and the consecutive life sentences imposed by the Twenty-Sixth Judicial District Court, Bossier Parish.

On April 28, 2014, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 7].  Magistrate Judge Hayes recommends that Smith's Petition be dismissed with prejudice as time-barred by the provisions of 28 U.S.C. §2244(d).

On May 16, 2014, the Clerk of Court received Smith's timely filed objections to the Report and Recommendation. [Doc. No. 8].  The Court has reviewed and considered the entire record in this matter, agrees with the Magistrate Judge's analysis, and hereby ADOPTS the Report and Recommendation.

However, in her objections, Smith raises one argument which does not appear to have

been addressed.  Smith argues that the Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), recognized a new constitutional right and that her Petition was timely because it was filed within one year of that opinion.   Thus, under 28 U.S.C. § 2244(d)(a)(C), Smith argues that her Petition was timely filed within one year of the "date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

       Smith's argument is without merit.  In the *Martinez* case, the Supreme Court recognized that ineffective assistance of counsel at the initial-review collateral attack stage may constitute "cause" to excuse a habeas petitioner's procedural default, but *Martinez* and its progeny do not appear to apply to the AEDPA's statute of limitations.  *See  Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); *see also Gibbs v. Vannoy*, 2014 WL 2050664, at *4 n.1  (W.D. La. May 16, 2014).  Further, even if Smith could rely on *Martinez* to delay the commencement or interrupt the running of the limitations period, that case was decided on March 20, 2012, and she did not file suit until February 26, 2014, almost 2 years later.  Finally, to the extent that Smith contends that *Martinez* otherwise supports her argument for equitable tolling, she is incorrect.  *See Reynolds v. Stephens*, 2014 WL 2575752 at *3 (N.D. Tex., June 9, 2014) ("Although Petitioner cites the Supreme Court's decisions in *Martinez v. Ryan* . . . and *Trevino v. Thaler*, ⎯ U.S. ⎯, 133 S.Ct. 1911, 185 L.Ed.2d 1044 (2013) to support his claim, those decisions address procedural default rather than the limitations period. These cases do not support Petitioner's claim for equitable tolling. Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in

this case."). Therefore, as recommended by the Magistrate Judge, the Court finds that Smith's Petition should be DISMISSED WITH PREJUDICE as time-barred.

**MONROE, LOUISIANA,** this 2nd day of July, 2014.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE